SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**CHARLOTTE KELLEY, DCB #1736456**
Charlotte.Kelley@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | No. 3:24-cr-00341-IM |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| **MISAEL FLORES RAMIREZ,** | Sentencing Date:  March 10, 2026 |
| **Defendant.** | |

Defendant Misael Flores Ramirez sexually exploited multiple minors online. The then 32-year-old defendant met minors on an online application, passing himself off as a fellow teenager.  He then engaged them in sexual conversations and requested and received sexually explicit images and videos from them. He exacerbated this harm by distributing the self-produced videos of a minor victim to other likeminded individuals on the internet.

Defendant will be before the Court for sentencing after pleading guilty to one count of Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e), and § 2 and one count of Receiving Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). The Court should impose a sentence of 262 months' imprisonment followed by a fifteen-year term of

supervised release and a $100 fee assessment on each count. This recommended sentence is sufficient but not greater than necessary under 18 U.S.C. § 3553(a) to accomplish the goals of sentencing. It fairly balances the nature, circumstances, and seriousness of the offense with defendant's history and characteristics and the need to protect the public, provide deterrence, and promote respect for the law.

I.      FACTUAL AND PROCEDURAL BACKGROUND

In September 2023, Homeland Security Investigations (HSI) received information from local law enforcement that a mother had reported that her 12-year-old daughter (Minor Victim 2 or MV2) was exchanging sexually explicit pictures with an adult man later identified as defendant who she met on a social media application called Wink. (PSR ¶ 19). When interviewed by law enforcement, MV2 reported that she and defendant originally chatted on Wink before moving to texting and video chatting each other. (*Id.*) Defendant had his age set to 14 on Wink and avoided showing his face on video chats with MV2. (PSR ¶ 21). MV2 told defendant she was 12 years old. (*Id.*) MV2 reported that, shortly after she began texting with defendant, they started to send each other photos and videos. (PSR ¶ 22). Defendant then started requesting nude photos from MV2. (*Id.*) MV2 stated she would send defendant nude photos every time she showered. (*Id.*) MV2 said that defendant would threaten to stop talking to her if she did not send him images. (*Id.*) Defendant would send MV2 images and videos of him masturbating. (*Id.*)

A review of MV2's phone revealed text messages with defendant beginning in April 2023 and lasting until approximately September 2023. (PSR ¶¶ 19, 20). The text messages were sexual in nature and involved the exchange of sexually explicit images and videos. (PSR ¶ 20). Specifically, defendant sent MV2 approximately 32 images and videos of his penis or himself

**United States' Sentencing Memorandum**                                                                                           **Page 2**

masturbating. (*Id.*) MV2 sent defendant approximately 33 images of herself that constitute child pornography. (*Id.*) For example, on August 31, 2023, MV2 said she was showering, defendant requested pictures, and MV2 sent defendant images of her genitals. (*Id.*) In the messages, defendant told MV2 that he loved her. (PSR ¶ 28). At one point during their conversation, MV2 sent defendant a picture of her middle school report card which he "hearted." (*Id.*)

In January 2024, a federal search warrant was executed for defendant's residence and his iPhone was seized. (PSR ¶ 24). Defendant was interviewed. (*Id.*) He initially denied texting MV2 but later admitted to it after being shown their text messages. (PSR ¶ 26). He admitted to sending her pictures of his penis and to receiving sexually explicit images from her. (PSR ¶¶ 29–30). Defendant acknowledged that agents would find child pornography on his phone, including images of infants and toddlers. (PSR ¶ 30). He denied trading child pornography. (PSR ¶ 31). He denied being in contact with other minors besides MV2. (PSR ¶ 32).

A review of defendant's phone revealed over 2,000 images and videos of child pornography. (PSR ¶ 33). These files contained images and videos of prepubescent children engaging in sexually explicit conduct. (PSR ¶ 34). Investigators also discovered that defendant had been in contact with other minors. (*Id.*) Specifically, agents identified messages with 14-year-old Minor Victim 1 (MV1) beginning in approximately February 2023 and lasting until March 2023. (PSR ¶ 35). In those messages, defendant requested and received images and videos of MV1's genitals and MV1 masturbating. (*Id.*) For example, on March 3, 2023, defendant requested "new pussy videos" of MV1 and MV1 sent a video of herself masturbating. Defendant requested videos of MV1 masturbating while she was at school. (PSR ¶ 36).

Agents also discovered that defendant was in chatrooms on WhatsApp and Telegram that were devoted to trading child pornography. (PSR ¶ 37). In December 2023, defendant requested

that another Telegram user "send all the young ones you got" and subsequently received images featuring prepubescent children. (PSR ¶ 37). Defendant responded by sharing images of prepubescent children performing oral sex on adult men with the Telegram user. (*Id.*) Defendant sent multiple Telegram users sexually explicit videos of MV1, claiming that she was 11 years old. (PSR ¶ 38). In January 2024, defendant messaged a child pornography group on WhatsApp with a link containing child pornography. (PSR ¶ 75).

Agents found that defendant was messaging other minors who were either not identified or sent defendant images and videos that did not meet the federal definition of child pornography. (PSR ¶ 70). In August 2024, HSI agents in Portland learned that defendant was under a separate investigation conduct by the FBI. (PSR ¶ 76). That investigation stemmed from defendant messaging a 10-year-old minor, encouraging her to perform sex acts on Facetime, and sending her videos of himself masturbating. (*Id.*)

On September 10, 2024 defendant was charged by indictment with one count of Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 225l(a) and (e) and 2 for his conduct with MV1, one count of Distributing Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) for distributing MV1's images and videos, one count of Receiving Child Pornography, in violation 18 U.S.C. §§ 2252A(a)(2) and (b)(l) for receiving MV2's images and videos, one count of Transfer of Obscene Matter to a Minor, in violation of 18 U.S.C. § 1470 for sending MV2 pictures and videos of his penis and himself masturbating, and one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(S)(B) and (b)(2) for his child pornography collection on his phone, which included images that were self-produced by minors.

Defendant was arrested on September 11, 2024. He made his initial appearance on September 12, 2024, and was released on conditions. ECF No. 7. On September 18, 2025,

**United States' Sentencing Memorandum**                                                                                                       **Page 4**

defendant pled guilty to Counts One and Three of the Indictment, which charge the Sexual Exploitation of Children and Receipt of Child Pornography. He was remanded into custody. ECF No. 37.

## II. GUIDELINES COMPUTATION AND PLEA AGREEMENT

On February 2, 2026, the U.S. Probation Office disclosed the final Presentence Report (PSR) to the parties and issued its Sentencing Recommendation. There are no contested guidelines issues. The PSR's guideline calculations are the same as the parties' calculations in the plea agreement:

| **Count 1: 18 USC §§ 2251(a) and (e) and 2 - Sexual Exploitation of Children** | | |
|---|---|---|
| U.S.S.G. § 2G2.1(a) | Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(B) | Offense involved minor between 12 and 16 | +2 |
| U.S.S.G. § 2G2.1(b)(2)(A) | Offense involved the commission of sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(3) | Knowingly engaged in distribution | +2 |
| U.S.S.G. § 2G2.1(b)(6) | Use of computer | +2 |
| **Adjusted Offense Level** | | **40** |

| **Count 3: 18 USC §§ 2252A(a)(2) and (b)(l) - Receipt of Child Pornography** | | |
|---|---|---|
| U.S.S.G. § 2G2.2(c)(1) | Cross Reference to USSG § 2G2.1 | |
| U.S.S.G. § 2G2.1(a) | Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(B) | Offense involved minor between 12 and 16 | +2 |
| U.S.S.G. § 2G2.1(b)(6) | Use of computer | +2 |
| **Adjusted Offense Level** | | **36** |

| | | |
|---|---|---|
| U.S.S.G. § 3D1.4. | Multiple count adjustment | +2 |
| U.S.S.G. § 3E1.1(a) and (b)   -3 | Acceptance of Responsibility | -3 |
| **Total Offense Level** | | **39** |

(PSR ¶¶ 46–69).

A total offense level of 39 with a criminal history category of I yields an advisory sentencing range of 262 to 327 months. (PSR ¶ 109). Pursuant to the plea agreement, the United States is recommending the low end of this range or 262 months. (Plea Agreement ¶ 10).

**United States' Sentencing Memorandum**            **Page 5**

Defendant can recommend a lower sentence, but not less than the 15-year mandatory minimum for Count One. (*Id.*) The parties can each seek any term of supervised release within the statutory range of five years to life under 18 U.S.C. § 3583(k). (*Id.*)

Probation recommends a sentence of 235 months' imprisonment on each count to be served concurrently, a ten-year period of supervised release, no fine, a $100 special assessment per count, and restitution in an amount to be determined. (PSR Sent. Recommendation at 1). This recommendation represents the low-end of the guideline range after a one-level variance.

### III.     UNITED STATES' SENTENCING RECOMMENDATION

The United States respectfully requests the following sentence: (1) a term imprisonment of 262 months, (2) a fifteen-year period of supervised release, and (3) a $100 special assessment per count. Such a sentence is sufficient, but not greater than necessary to address the § 3553(a) sentencing factors.

The guidelines provide the starting point and initial benchmark for sentencing that "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *United States v. Rita*, 551 U.S. 338, 350 (2007); *see also Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013); *Gall v. United States*, 552 U.S. 38, 49 (2007). Once the Court correctly computes the guidelines, it may vary from the advisory range if justified under the factors set out in 18 U.S.C. § 3553(a), including the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§ 3553(a)(1)-(2); *see also United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc) (reciting sentencing procedure). Other factors include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

Child exploitation offenses are extremely serious crimes that "result in perpetual harm to victims and validate and normalize the sexual exploitation of children." *Report to the Congress: Federal Child Pornography Offenses*, United States Sentencing Commission (December 2012), at vi. Child victims must live with the fact that the harm they suffered was permanently preserved and those images and videos will haunt them forever. *See New York v. Ferber*, 458 U.S. 747, 759 (1982) (explaining that "the materials produced [in child pornography] are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation"); *see also United States v. Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir. 2010) ("The children involved in pictorial and cinematic pornography additionally endure ongoing harm because their images have been preserved in a permanent medium"); *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) (noting that evidence shows "the harm that children suffer when they are used in the creation of child pornography and when that pornography is distributed to others").

Defendant has a demonstrated sexual interest in children. He solicited and consumed bespoke sexually explicit images and videos of multiple minor victims. Defendant met these minor victims online and posed as a teenager. He then employed grooming techniques. He told MV2 he loved her and then started asking for nude photographs. (PSR ¶¶ 21, 28). He texted MV2 for months. (PSR ¶ 20). When MV1 said she was at school and could not send him more videos, he encouraged her to go to the bathroom to record herself or send them during her next

class. (PSR ¶ 36). He discussed the sexual things he wanted to do with these minors and sent them pictures and videos of himself masturbating. (PSR ¶¶ 20, 36).

Defendant also collected, stored, and traded child pornography on multiple social media accounts, fueling the demand for this content. (PSR ¶¶ 38, 39, 75). These images and videos involved self-produced content from the minor victims as well as other images and videos of children as young as infants. He bragged to others about the content that he had and asked what they would trade him. (PSR ¶¶ 38, 39). He distributed videos of MV1 on Telegram. (*Id.*) The knowledge that adult men like defendant have access to sexually explicit images and videos of MV1 as a child will follow her and her family throughout their lives.

Defendant preyed on children who will have to live with the fact that the videos and images they sent him as preteens and teenagers will haunt them well into adulthood. Because of the seriousness and prolific nature of the offense, defendant's months-long sexual exploitation of minor victims, and the extremely damaging effects of these crimes on child victims, defendant's conduct warrants a 262-month sentence. Given the plethora of harms defendant inflicted, a variance under 18 U.S.C. §3553(a) is not justified. Probation's recommendation does not adequately account for the repetitive nature and seriousness of defendant's offense conduct. A 262-month sentence is necessary to protect the public, most specifically minors, from defendant.

### IV.    RESTITUTION AND VICTIM IMPACT

Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court," and shall be imposed "in addition to any other civil or criminal penalty authorized by law." 18 U.S.C. §§ 2259(a), (b)(1), (b)(4). The term "victim" includes both "the individual harmed as a result of a commission of a [child pornography] crime," and, if the victim is under 18, "the legal guardian of the victim" or "another family

member." 18 U.S.C. § 2559(c). Under § 2259(b)(2)(B), each victim that makes a restitution request must receive at least $3,000 in restitution.

The United States has discussed restitution with the minor victims' families. The government has not received any restitution requests as of the date of this memorandum. The United States anticipates that the families of the minor victims will attend sentencing and will provide Victim Impact Statements at that time.

## V.     CONCLUSION

The Court should sentence defendant to: (1) a term of imprisonment of 262 months, (2) a fifteen-year period of supervised release, and (3) a $100 special assessment on each count.

Dated:  March 5, 2026.                              Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

 */s/ Charlotte Kelley*
CHARLOTTE KELLEY, DCB #1736456
Assistant United States Attorney